Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000093
12-JAN-2016
09:49 AM

NO. CAAP-15-0000093

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PAT ROCCO, Plaintiff-Appellant, v.
KALAPANA SEAVIEW ESTATES COMMUNITY
ASSOCIATION, Defendant-Appellee


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3RC13-1-000589)

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Plaintiff-Appellant Pat Rocco (**Rocco**) appeals pro se from the Judgment entered on February 4, 2015 in the District Court of the Third Circuit[1] (**district court**).

On appeal, Rocco seeks a new trial due to his lawyer's "ineptness" before the district court.

## I. BACKGROUND

On July 8, 2013, Rocco filed a complaint for indemnification (**Complaint**) in the district court against Defendant-Appellee Kalapana Seaview Estates Community Association (**KSECA**). Rocco alleged that he was a property owner and member of the KSECA. The Complaint states, "Rocco spent monies to hire counsel, to advise him on matters of the association, when [KSECA], among others, attempted to remove him as President [of KSECA] at illegally constituted meetings that did not comply with the bylaw provisions of [KSECA]." Throughout the proceedings at district court, Rocco was represented by counsel.

Trial took place in the district court on September 15,

---

[1] The Honorable Harry P. Freitas presided.

2014, October 24, 2014, December 19, 2014, and January 23, 2015. The district court entered its Judgment on February 4, 2015, which stated:

> Based on the testimony presented and the documents admitted at trial, this Court makes the following findings:
>
> [Rocco's] action of seeking a legal opinion pertaining to the December 9, 2012 board meeting [for KSECA] and the costs incurred for that opinion was neither reasonable nor necessarily incurred by [Rocco] in his capacity as [KSECA's] President. In addition, [Rocco's] action is a not [sic] in the nature of indemnification.
>
> THEREFORE, JUDGMENT IS ENTERED IN FAVOR OF [KSECA].

Rocco filed his notice of appeal from the Judgment on February 23, 2015.

## II. STANDARD OF REVIEW

Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(D) provides that "[p]oints not presented in accordance with [HRAP Rule 28(b)] will be disregarded, except that the appellate court, at its option, may notice a plain error not presented."

## III. DISCUSSION

In his opening brief, Rocco states that he, "knowing that a new trial could bring things right, . . . is seeking justice in the Court of Appeal . . . ." The basis for a new trial is, according to Rocco, due to "[t]he compellation [sic] of a tricky lawyer [KSEAC] hired and the total ineptness of the lawyer that [he] hired." Rocco seems to be asserting an ineffective assistance of counsel claim in this civil suit. Under both the Hawai'i Constitution and the United States Constitution, the right to the effective assistance of counsel applies only in criminal proceedings. U.S. Const. Amend. VI;[2] Haw. Const. art. 1 § 14;[3] see Norton v. Admin. Dir. of Court, State of Hawai'i, 80 Hawai'i 197, 200, 908 P.2d 545, 548 (1995) ("The sixth amendment right to counsel applies only to criminal

---

[2] The text of Article VI of the United States Constitution reads, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." (Emphasis added.).

[3] Article 1, section 14 of the Hawai'i Constitution reads, in pertinent part, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for the accused's defense." (Emphasis added.).

2

proceedings."); State v. Severino, 56 Haw. 378, 380, 537 P.2d 1187, 1189 (1975) ("Under both the Hawaii State and Federal Constitutions, an accused has the right to assistance of counsel 'in all criminal prosecutions.'").  Rocco's argument regarding ineffective assistance of counsel is without merit.

Rocco may also be attempting to assert a legal malpractice claim against his trial counsel.

> The elements of an action for legal malpractice are: (1) the parties had an attorney-client relationship, (2) the defendant committed a negligent act or omission constituting breach of that duty, (3) there is a causal connection between the breach and the plaintiff's injury, and (4) the plaintiff suffered actual loss or damages.

Thomas v. Kidani, 126 Hawai'i 125, 129, 267 P.3d 1230, 1234 (2011) (citing Coscia v. McKenna & Cuneo, 25 P.3d 670, 672 (Cal. 2001); 7 Am. Jur. 2d Attorneys at Law § 223 (2007)).  Legal malpractice is a separate cause of action, not a basis for appeal.  See e.g., Thomas, 126 Hawai'i at 126-27, 267 P.3d at 1231-32.

## IV.   CONCLUSION

Therefore, the Judgment entered on February 4, 2015 in the District Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, January 12, 2016.

On the briefs:

Pat Rocco
Plaintiff-Appellant pro se.

Steven D. Strauss
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3